**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3193-23

ANNIELETTE MAY BORJA
CHOI, on behalf of herself and
similarly situated consumers,

    Plaintiff-Appellant,

v.

FEIN SUCH KAHN & SHEPARD,
P.C.,

    Defendant-Respondent.

_____

        Submitted May 6, 2025 – Decided August 28, 2025

        Before Judges Bishop-Thompson and Augostini.

        On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0383-23.

        Zemel Law, LLC, attorneys for appellant (Daniel Zemel and Nicholas Linker, on the briefs).

        Fein, Such, Kahn & Shepard, PC, attorneys for respondent (Gregg P. Tabakin, on the brief).

PER CURIAM

Plaintiff Annielette May Borja Choi challenges the May 10, 2024 order denying class certification. We affirm the trial court's order denying certification because plaintiff failed to meet the requirements set forth in Rule 4:32-1(a).

I.

We discern the following facts from the motion record. In 2020, defendant Fein, Such, Kahn & Shepard, P.C. was retained to collect a credit card debt owed by plaintiff. In March 2022, defendant's employees left plaintiff two voicemail messages:

> 1) Ms. Choi, this is Phil Kahn from Fein, Such, Kahn & Shepard, P.C., please return my call at XXX.[1] Thank you.
>
> 2) This is Stanley from Fein, Such, Kahn & Shepard, P.C. Please give me a call back at XXX ext. XX. Thank you.

These messages followed defendant's standard script when leaving a voicemail message for a consumer: "This is 'NAME' from Fein, Such, Kahn & Shepard P.C. Please give me a call back at XXX Ext. (Extension)."

On March 3, 2023, plaintiff filed a single count putative class action complaint, on behalf of herself and other similarly situated consumers, against

---

[1] The numbers have been redacted for the privacy of the parties.

A-3193-23

defendant under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, alleging that defendant failed to provide the required disclosures. Plaintiff specifically alleged that these messages left by defendant violated the FDCPA[2] by not identifying the caller as a debt collector or the communication as an attempt to collect a debt.

After the completion of discovery, on April 12, 2024, plaintiff filed a motion for class certification under Rule 4:32-1(b)(3), seeking to certify a class defined as: "All consumers residing within New Jersey that have been sent a voicemail from [d]efendant without any identification that [d]efendant is a debt collector, within one year prior to the filing of this [c]omplaint." Plaintiff's counsel submitted a certification that provided information regarding his qualification to be class counsel and stated that through the discovery process, defendant "disclosed that there [were] . . . 2[,]413 putative New Jersey consumers that meet the current class definition." Plaintiff, however, failed to provide evidence supporting this claim. Nevertheless, she argued that the class

---

[2] Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Such representations include: "The failure to disclose in . . . the initial communication with the consumer . . ., that the debt collector is attempting to collect a debt . . ., and the failure to disclose in subsequent communications that the communication is from a debt collector . . . ." 15 U.S.C. § 1692e(11).

A-3193-23

satisfied the requirements of numerosity, commonality, typicality, and adequacy of representation, relying primarily on defendant's call script and the speculative figures certified to by proposed class counsel.

On May 10, 2024, and in a subsequent amplification on June 24, 2024, the trial court denied the motion for class certification pursuant to Rule 4:32-1. Citing In re Cadillac V8-6-4 Class Action, 93 N.J. 412, 424-25 (1983), and Rule 4:32-1(a), the trial court concluded that plaintiff satisfied the adequacy of representation requirement, but plaintiff's bare assertions were insufficient to demonstrate numerosity, commonality, and typicality.

As to numerosity, the court explained that it did not have sufficient evidence to determine the number of affected consumers because plaintiff failed to include any evidence that 2,413 consumers received a form message from defendant, and the specific content of the alleged messages were unknown. Concerning commonality, the court determined the record was devoid of evidence that demonstrates that defendant left uniform voicemails to members of the prospective class. Finally, the court further determined that the typicality requirement had the same defect—there was no evidence that the purported class members received a voicemail from defendant.

The trial court determined that the requirements of Rule 4:23-1(a) were not satisfied and, therefore, it did not reach the criteria set forth in Rule 4:32-1(b).

On appeal, plaintiff argues the trial court erred because there was no requirement to produce such evidence at this stage, and it did not rely solely on the pleadings. She further argues that, even if evidence is required, such evidence was produced; specifically, defendant's policies and procedures manual set forth outlined the type of message employees were permitted to leave.[3]

## II.

"We review a trial court's order granting or denying class action certification for an abuse of discretion." Cerciello v. Salerno Duane, Inc., 473 N.J. Super. 249, 257 (App. Div. 2022) (citing Dugan v. TGI Fridays, Inc., 231 N.J. 24, 50 (2017)). To show an abuse of discretion, the moving party must demonstrate the decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."

---

[3] On appeal, we do not address the court's finding that plaintiff proved adequacy of representation as neither party raises this issue.

Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Our Supreme Court "has observed, 'Rule 4:32 vests in the trial court substantial control over management of a class action.'" Little v. Kia Motors Am., Inc., 242 N.J. 557, 590 (2020) (quoting Cadillac, 93 N.J. at 437). When reviewing an order denying class certification, we first evaluate whether the trial judge followed the standard set forth in Rule 4:32-1. Dugan, 231 N.J. at 50. In doing so, we do not "act as a factfinder with respect to plaintiffs' substantive claims." Id. at 55 n.8.

"Rule 4:32-1 prescribes the standard for the determination of a motion to certify a class." Id. at 47. To obtain class status, the party seeking class certification must demonstrate that:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
>
> [Cameron v. S. Jersey Pubs, Inc., 460 N.J. Super. 156, 178 (App. Div. 2019); R. 4:32-1(a).]

These four initial requirements are commonly referred to as: numerosity, commonality, typicality, and adequacy of representation. Baskin v. P.C.

6

<u>Richard & Son, LLC</u>, 246 N.J. 157, 173 (2021).  The court then must consider the additional requirements set forth in subsection (b) of  <u>Rule</u> 4:32-1.  <u>Ibid.</u>

"[W]e will 'liberally construe' the class action requirements established under <u>Rule</u> 4:32-1" because "class actions are a favored means of adjudicating numerous claims involving a common nucleus of facts for which individual recovery will be small."  <u>Cerciello</u>, 473 N.J. Super. at 257 (quoting <u>Iliadis v. Wal-Mart Stores, Inc.</u>, 191 N.J. 88, 103 (2007)).  "In determining a motion for class certification, a court 'must "accept as true all of the allegations in the complaint," and consider the remaining pleadings, discovery (including interrogatory answers, relevant documents, and depositions), and any other pertinent evidence in a light favorable to plaintiff.'"  <u>Dugan</u>, 231 N.J. at 49 (quoting <u>Lee v. Carter-Reed Co.</u>, 203 N.J. 496, 505 (2010)).

"[A] court deciding class certification must undertake a rigorous analysis to determine if the <u>Rule</u>'s requirements have been satisfied.  That scrutiny requires courts to look beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law."  <u>Dugan</u>, 231 N.J. at 49-50 (quoting <u>Iliadis</u>, 191 N.J. at 106-07) (internal quotation marks omitted).

We are satisfied that the trial court did not abuse its discretion in finding that plaintiff failed to meet the numerosity, commonality, or typicality

requirements necessary for class certification. Contrary to plaintiff's contention, the trial court clearly stated that she considered evidence of 2,413 putative class members, which would have been "sufficiently numerous so that joinder is not a satisfactory alternative." Cadillac, 93 N.J. at 425. However, plaintiff offered no proofs that the putative members received messages from defendant or the content of those alleged messages.

Under Rule 4:32-1(a)(3), a proposed class satisfies the typicality requirement if its claims "have the essential characteristics common to the claims of the class." Cadillac, 93 N.J. at 425. We have held that "[i]f the class representative's claims arise from the same events, practice, or conduct, and are based on the same legal theory, as those of other class members, the typicality requirement is satisfied." Laufer v. U.S. Life Ins. Co., 385 N.J. Super. 172, 180 (App. Div. 2006). The typicality requirement suffers from the same fatal flaw as the numerosity requirement—there is no evidence regarding the message content or that the putative class received the same message.

Turning to commonality, a proposed class satisfies this requirement if there are "questions of law or fact common to the class." R. 4:32-1(a). To establish commonality, "[a]ll of the factual and legal questions in the case need not be identical for all of the proposed class members." Goasdone v. Am.

8

Cyanamid Corp., 354 N.J. Super. 519, 528 (Law Div. 2002); see Iliadis, 191 N.J. at 108-09. Rather, a single common question may be sufficient. See Delgozzo v. Kenny, 266 N.J. Super. 169, 185 (App. Div. 1993). "However, simply alleging the same theory of recovery for all class members does not guarantee the existence of legal or factual commonality." W. Morris Pediatrics, P.A. v. Henry Schein, Inc., 385 N.J. Super. 581, 600 (Law Div. 2004).

Based on the record before the court, and giving plaintiff every reasonable inference of fact, we agree with the trial court that the record is barren of evidence that defendant communicated the same message to other consumers. Even with the benefit of discovery, plaintiff produced no evidence—beyond her own experience and the firm's written script—that those other consumers received the same or similar voicemails. Simply put, plaintiff's conclusory assertions are insufficient to satisfy the burden of proof regarding numerosity, commonality, and typicality.

We, therefore, conclude the court did not abuse its discretion and properly analyzed the Rule 4:32-1 standard in determining plaintiff failed to satisfy subsection (a) of the Rule, and we need not reach subsection (b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9                                                                A-3193-23